ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Amber S. Healy          State Bar No. 232730
    AHealy@aalrr.com
Neil M. Katsuyama          State Bar No. 273172
    Neil.Katsuyama@aalrr.com
 12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone:  (562) 653-3200
Fax:  (562) 653-3333

Attorneys for UPJIT SINGH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UPJIT SINGH, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>HARMEET SINGH CHAWLA, an individual; JOGINDER PAL SINGH LAMBA, an individual,<br><br>                    Defendants. | **Case No.**<br><br>**COMPLAINT FOR:**<br><br>**1. BREACH OF CONTRACT**<br><br>**2. UNJUST ENRICHMENT**<br><br>**3. GOODS AND SERVICES RENDERED**<br><br>**4. FRAUD**<br><br>**5. NEGLIGENT MISREPRESENTATION** |

Plainitff Upjit Singh, for his causes of action against Defendants Harmeet Singh Chawla and Joginder Pal Singh Lamba, alleges as follows:

## **THE PARTIES**

1.     Plaintiff Upjit Singh is an individual who resides in Calabasas, California.

2.     Defendant Harmeet Singh Chawla is an Australian citizen who listed an address in Camarillo, California as his business address.

3.     Defendant Joginder Pal Singh Lamba is an Australian citizen who listed an address in Camarillo, California as his business address.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**VENUE AND JURISDICTION**

4.      The Court has diversity jurisdiction pursuant to 28 USC 1332 because Plaintiff is a citizen of the United States and Defendants are citizens of Australia. The matter in controversy also exceeds $75,000.

5.      The Court has personal jurisdiction over Defendants because they have been doing business in California out of an address in Camarillo.

6.      Venue is proper because Defendants have been doing business in California out of an address in Camarillo.

**GENERAL ALLEGATIONS**

7.      Defendant Chawla is Plaintiff's brother-in-law.  Over the years, Plaintiff had assisted Defendant Chawla with finding numerous business and investments opportunities, including a Tesla dealership in India, Wadilal ice cream franchises in India, a dealership with Haldiram (an Indian snack company) in Australia.  Plaintiff used his best efforts to locate such opportunities, even though Defendant Chawla frequently would not be approved for those dealerships or franchise agreements, such as the Haldiram dealership.

8.      Plaintiff also assisted Defendant Chawla with obtaining business loans, including a loan from Punjab & Sindh Bank.

9.      While visiting Defendant Chawla in December 2018, Chawla disclosed that his businesses had been having financial difficulties and that all three of his gas station franchises had been revoked by the franchisor, Caltex.  The reasons for the revocation are not known to Plaintiff.  Defendant Chawla disclosed to Plaintiff that he had no job or other businesses to operate at that time.

10.    Defendant Chawla asked Plaintiff to look into new business opportunities for him and for one of his colleagues, Defendant Lamba.  Defendant Lamba previously owned two gas stations, but they were revoked by the franchisor.  At the time, Defendant Lamba was working part time as a chef in a restaurant.  Although Defendant Lamba had prior experience in the restaurant and hospitality industry, he

017773.00012
35379994.1

had never owned any establishment.

11.    After several discussions, Defendants Chawla and Lamba expressed interest in purchasing a hotel and asked Plaintiff to locate any opportunities to purchase or invest in a hotel.

12.    Plaintiff and Defendants negotiated an agreement whereby Plaintiff would search for opportunities to invest in a hotel and, if Defendants decided to move forward with one of those investments, Plaintiff receive a fee equal to 10% of the hotel purchase price.

13.    Between December 2018 and mid-2019, Plaintiff researched numerous hotels in the pursuit of an appropriate investment opportunity for Defendants.  The Parties eventually narrowed their selections to a Radisson hotel in Dallas, Texas and a Holiday Inn Express in Fort Worth, Texas.

14.    After visiting both hotels, Defendants decided to purchase the Holiday Inn Express at Fort Worth.  Plaintiff spent no less than $20,000 researching the hotel and conducting due diligence on behalf of Defendants.   This amount was not immediately repaid to Plaintiff.  Plaintiff also agreed to open the escrow account and paid $100,000 on behalf of Defendants.

15.    For reasons that were never disclosed to Plaintiff, Defendants withdrew from the deal with Holiday Inn Express.  Defendants were despondent about the Holiday Inn Express deal falling through.

16.    Plaintiff had previously informed Defendants that Plaintiff's son, Kanwalbir Singh, was then in the process of purchasing a Holiday Inn in El Paso and that he had already opened an escrow with a deposit of $200,000 to close that deal.  Around the time Defendants lost the Holiday Inn Express deal, Plaintiff and Kanwalbir were in the process of finalizing approval from the franchisor, securing loans, and completing inspections to complete the purchase of the Holiday Inn in El Paso.

17.    Defendants informed Plaintiff that they were still interested in purchasing a hotel and implored Plaintiff to persuade Kanwalbir to allow them to join as

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- 3 -
COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

purchasers and investors in the El Paso hotel. Kanwalbir was not looking for any business partners at the time and was not interested in sharing ownership of the Holiday Inn El Paso.

18.     For the benefit of Defendants, Plaintiff had lengthy discussions with Kanwalbir to persuade him to add Defendants as business partners. Kanwalbir eventually consented and allowed Defendants to become part owners of the LLC used to purchase the Holiday Inn El Paso.

19.     The hotel was purchased for over $11 million by Mac Hospitality Dallas, LLC. Plaintiff facilitated the transaction, including opening the escrow, and worked with Kanwalbir in drafting the franchise approval papers, securing the loans, completing inspections, and completing all due diligence. It was only after all of the work was completed that Defendants became 60% owners of Mac Hospitality Dallas, LLC with Kanwalbir as a 40% owner and managing member.

20.     Plaintiff and Defendants later negotiated Plaintiff's fee down from 10% of the purchase price (which would have been over $1.1 million) to $900,000.

21.     Defendants repeatedly represented that payment would be forthcoming. Defendants made numerous excuses, such as representing that COVID-19 prevented them from traveling to Plaintiff and paying him.

22.     Plaintiff reasonably relied upon Defendants' representations. Defendants paid Plaintiff $20,000 in November 2021 during Defendant Lamba's visit to the Holiday Inn El Paso. Defendants represented that they would pay the remaining balance before the end of the year.

23.     When Defendants failed to make any further payments, Plaintiff again began asking Defendants in December 2021 when he could expect payment. Defendants responded by sending repeated threats to Plaintiff.

24.     To date, Defendants have failed to pay the remaining $880,000 owed to Plaintiff.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

### (Against All Defendants)

25.    Paragraphs 1 through 24 are incorporated by reference as though fully set forth.

26.    Plaintiff and Defendants verbally entered into an agreement whereby Plaintiff would find a hotel for Defendants to invest in.

27.    If Plaintiff found an investment opportunity and Defendants decided to move forward with the purchase, Defendants agreed to pay Plaintiff 10% of the purchase price.

28.    Plaintiff located an investment opportunity, the Holiday Inn, El Paso, which Defendants eventually purchased as part of an $11 million deal.

29.    Plaintiff did all, or substantially all, of the significant things that the agreement required him to do.

30.    All conditions necessary for Defendants' performance under the agreement either occurred or were excused.

31.    Plaintiff agreed to reduce his fee from the 10% originally agreed upon to $900,000.

32.    To date, Defendants have only paid Plaintiff $20,000 and $880,000 remains owing.

33.    Plaintiff has thereby been harmed in an amount no less than $880,000 and Defendants' breach of the agreement was a substantial factor in cause Plaintiff's harm.

## SECOND CAUSE OF ACTION: UNJUST ENRICHMENT

### (Against All Defendants)

34.    Paragraphs 1 through 33 are incorporated by reference as though fully set forth.

35.    Plaintiff and Defendants verbally entered into an agreement whereby Plaintiff would find a hotel for Defendants to invest in.

017773.00012
35379994.1

36.    If Plaintiff found an investment opportunity and Defendants decided to move forward with the purchase, Defendants agreed to pay Plaintiff 10% of the purchase price.

37.    Plaintiff located an investment opportunity, the Holiday Inn, El Paso, which Defendants eventually purchased as part of an $11 million deal.

38.    Plaintiff agreed to reduce his fee from the 10% originally agreed upon to $900,000.  This amount is at least equal to the reasonable value of the services Plaintiff provided.

39.    To date, Defendants have only paid Plaintiff $20,000.

40.    Defendants have thereby been unjustly enriched in that they received the benefit of Plaintiff's services but only paid a small portion of the reasonable value of his services.

41.    Plaintiff has thereby been damaged in an amount no less than $880,000.

### THIRD CAUSE OF ACTION: GOODS AND SERVICES RENDERED

### (Against All Defendants)

42.    Paragraphs 1 through 41 are incorporated by reference as though fully set forth.

43.    Plaintiff and Defendants verbally entered into an agreement whereby Plaintiff would find a hotel for Defendants to invest in.

44.    If Plaintiff found an investment opportunity and Defendants decided to move forward with the purchase, Defendants agreed to pay Plaintiff 10% of the purchase price.

45.    Plaintiff located an investment opportunity, the Holiday Inn, El Paso, which Defendants eventually purchased as part of an $11 million deal.

46.    Plaintiff agreed to reduce his fee from the 10% originally agreed upon to $900,000.  This amount is at least equal to the reasonable value of the services Plaintiff provided.

47.    To date, Defendants have only paid Plaintiff $20,000 and $880,000 remains

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

owing.  Plaintiff has thereby been damaged in an amount no less than $880,000.

## FOURTH CAUSE OF ACTION: FRAUD

### (Against All Defendants)

48.    Paragraphs 1 through 47 are incorporated by reference as though fully set forth.

49.    Defendants represented to Plaintiff that they would pay him a fee of 10% if Plaintiff located a hotel investment opportunity and Defendants decide to invest.

50.    That representation was false.

51.    Defendants knew the representation was false at the time they made it.  They had no intention of paying Plaintiff for his services.

52.    Defendants intended that Plaintiff rely upon the representation so that he would locate a hotel investment opportunity for them.

53.    Plaintiff reasonably relied upon Defendants' representation in research and locating hotel investment opportunities.

54.    Plaintiff even agreed to reduce his rate to $900,000 after Plaintiff had already found Defendants an $11 million hotel deal.

55.    Plaintiff was thereby harmed in an amount no less than $880,000 and Defendant's misrepresentations were a substantial factor in causing Plaintiff's harm.

## FIFTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

### (Against All Defendants)

56.    Paragraphs 1 through 55 are incorporated by reference as though fully set forth.

57.    Defendants represented to Plaintiff that they would pay him a fee of 10% if Plaintiff located a hotel investment opportunity and Defendants decide to invest.

58.    That representation was false.

59.    Defendants had no reasonably grounds for believing that representation was true.  Defendants had no intention of paying Plaintiff for his services.

60.    Defendants intended that Plaintiff rely upon the representation so that he

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

017773.00012
35379994.1

1    would locate a hotel investment opportunity for them.

2    61.    Plaintiff reasonably relied upon Defendants' representation in research and

3    locating hotel investment opportunities.

4    62.    Plaintiff even agreed to reduce his rate to $900,000 after Plaintiff had already

5    found Defendants an $11 million hotel deal.

6    63.    Plaintiff was thereby harmed in an amount no less than $880,000 and

7    Defendant's misrepresentations were a substantial factor in causing Plaintiff's harm.

8    ### **PRAYER FOR RELIEF**

9        WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

10    1.    On the First Cause of Action:

11        a.    Damages of no less than $880,000;

12        b.    Prejudgment interest;

13        c.    Costs; and

14        d.    Such other relief as the Court deems proper.

15    2.    On the Second Cause of Action:

16        a.    Damages of no less than $880,000;

17        b.    Prejudgment interest;

18        c.    Costs; and

19        d.    Such other relief as the Court deems proper.

20    3.    On the Third Cause of Action:

21        a.    Damages of no less than $880,000;

22        b.    Prejudgment interest;

23        c.    Costs; and

24        d.    Such other relief as the Court deems proper.

25    4.    On the Fourth Cause of Action:

26        a.    Damages of no less than $880,000;

27        b.    Prejudgment interest;

28        c.    Costs; and

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

017773.00012
35379994.1

d.     Such other relief as the Court deems proper.

5.     On the Fifth Cause of Action:

a.     Damages of no less than $880,000;

b.     Prejudgment interest;

c.     Costs; and

d.     Such other relief as the Court deems proper.


Dated:  January 14, 2022                    ATKINSON, ANDELSON, LOYA, RUUD &
                                            ROMO


                                            By: /s/ Neil M. Katsuyama
                                                Amber S. Healy
                                                Neil M. Katsuyama
                                                Attorneys for UPJIT SINGH

017773.00012
35379994.1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333